# UNITED STATES DISTRICT COURT
для for the
District of Columbia

| | |
|---|---|
| In the Matter of the Search of<br>THE PERSON OF<br>DEANGELO M. FOSTER, B/M,<br>DOB: 7/16/1997, PDID: 622-513 | ) ) ) ) ) ) Case No. 20-sw-323 |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

DEANGELO M. FOSTER, B/M, DOB: 7/16/1997, PDID: 622-513, who is not in the custody of Law Enforcement.

located in the _____ District of ___Columbia___ , there is now concealed *(identify the person or describe the property to be seized)*:

a saliva sample from the defendant's mouth.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year |

The application is based on these facts:
See attached affidavit.

☐ Continued on the attached sheet.
☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Scott Possinger, MPD Officer
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
___telephone___ *(specify reliable electronic means)*.

Date: 12/30/2020

_____
*Judge's signature*

City and state: Washington, D.C.          MAGISTRATE JUDGE ZIA M. FARUQUI
*Printed name and title*

AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means     ☑ Original     ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
District of Columbia

In the Matter of the Search of )
THE PERSON OF )
DEANGELO M. FOSTER, B/M, ) Case No. 20-sw-323
DOB: 7/16/1997, PDID: 622-513 )
)
)

**WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of Columbia
*(identify the person or describe the property to be searched and give its location)*:

DEANGELO M. FOSTER, B/M, DOB: 7/16/1997, PDID: 622-513, who is in the custody of Law Enforcement.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

a saliva sample from the defendant's mouth.

**YOU ARE COMMANDED** to execute this warrant on or before   01/13/2021   *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.     ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to   MAGISTRATE JUDGE ZIA M. FARUQUI  .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ____ days *(not to exceed 30)*     ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:   12/30/2020  
                                                                      *Judge's signature*

City and state:   Washington, D.C.                              MAGISTRATE JUDGE ZIA M. FARUQUI
                                                                      *Printed name and title*


AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| **Return** | | |
|---|---|---|
| Case No.:<br>20-sw-323 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

**Certification**

  I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

                             *Executing officer's signature*

                                *Printed name and title*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN THE MATTER OF THE
APPLICATION OF THE UNITED
STATES OF AMERICA FOR A SEARCH           Case No. 20-SW-323
WARRANT FOR THE PERSON OF
DEANGELO M. FOSTER, B/M,
DOB: 7/16/1997, PDID: 622-513

AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT

I, Scott Possinger, an Officer with the Metropolitan Police, hereinafter the Affiant, being duly sworn, deposes and states as follows:

**AGENT BACKGROUND**:  I am an officer with the Metropolitan Police Department (MPD), currently assigned to the Robbery Suppression Unit in the First Police District.  I have been a member of MPD for approximately five (5) years.  I have been with the Robbery Suppression Unit for approximately three (3) years. I have participated in numerous cases involving the recovery of firearms.  I am familiar with firearms and firearms law in the District of Columbia.

**SUBJECT:** For the person of DEANGELO M. FOSTER, B/M, DOB: 7/16/1997, PDID: 622-513.

**INVESTIGATION:**

On Monday, December 21, 2020, your affiant and other members of the Metropolitan Police Department (MPD) First District Crime Suppression Team (1D CST) predicated a narcotics investigation into 1025 13th Street Southeast, Apartment 22 in Washington, D.C. after receiving an anonymous tip regarding narcotics activity in the apartment. Based off of the investigation, your affiant obtained a Superior Court for the District of Columbia residential search warrant for 1025 13th Street Southeast, Apartment 22 (Warrant Number 2020 CSW 5503) signed by Judge Christian on December 23, 2020.

On Wednesday, December 23, 2020 at approximately 6:26 p.m., members of MPD 1D CST responded to 1025 13th Street Southeast, Apartment 22 to execute the signed residential search warrant. The door to the apartment was unlocked and officers entered after announcement. Officers immediately encountered an individual, later identified as William Foster (Defendant William Foster) and another adult male subject (IT) sitting in the living room. While clearing the rest of the apartment, officers encountered another individual, later identified as Raymond Benson (Defendant Benson), exiting a rear bedroom. All three individuals were detained. Officers began their search for narcotics or narcotic related accessories.

Officers began their search in the rear bedroom where Defendant Benson was observed exiting moments before. Upon searching the bedroom closet, Officer Ak located a Glock 17

1

firearm sitting on the closet shelf and underneath several pairs of pants. Officers recovered a single yellow zip containing a rock like substance inside. Officer Prendergast later field tested the unknown rock like substance, which tested positive for a cocaine base. Also during a search of the rear bedroom, Officer Prendergast recovered what is believed to be Defendant Benson's cell phone that was laying on the bedroom floor. The cell phone had a photo of Defendant Benson as the lock screen photo.

Upon searching a second bedroom inside of the target apartment, Officer Atkins discovered two additional handguns sitting on the shelf inside of the bedroom closet. Both handguns were inside of a green in color cosmetics bag. Officer Atkins also discovered three handgun magazines inside of the same green cosmetics bag.

After discovering the two handguns, Officer Atkins located Defendant William Foster's District of Columbia identification card inside of a small shoulder bag, which was hanging on the same closet door where both handguns were recovered. While on scene, Sergeant Gupton spoke to the leaseholder of the apartment who confirmed that Defendant William Foster stays in the same bedroom where the two handguns were recovered. The leaseholder of the apartment is Defendant William Foster and Subject Deangelo Foster's mother. Mail matter in the name of Deangelo Foster (Subject Deangelo Foster) was also found in the bedroom where the two firearms and three magazines were found.

As Officer Perez assisted Officer Atkins with the search of the second bedroom, Officer Perez located a 1/3 full half ounce vial of suspected Phencyclidine. Officers Atkins and Perez confirmed that the liquid inside of the half ounce vial emitted an odor consistent with that of Phencyclidine. Based on Officer Perez's training and experience, the recovered vial and liquid is more consistent with possession with the intent to distribute, rather than mere possession. Inside of the same bag where the liquid Phencyclidine was recovered, Officer Perez located an eye dropper and gloves from the bag. Officer Perez identified these items as commonly used in the distribution of Phencyclidine. Officer Perez also recovered numerous small zips underneath the bed inside of the same bedroom where Defendant William Foster's identification card and mail matter in the name of Subject Deangelo Foster was found.

Defendant William Foster and Defendant Benson were placed under arrest. IT was identified and released. Subject Deangelo Foster was not home at the time of the execution of the search warrant.

Forensic Scientist Wilson of the District of Columbia's Department of Forensic Sciences responded to the location to recover the firearms.

There were three firearms recovered. The first was determined to be a Glock, model 17, 9 millimeter handgun with a serial number of BGR651. When it was recovered, it was loaded with one (1) round in the chamber and thirty-two (32) rounds in a thirty-three (33) round capacity magazine. The second was determined to be a Ruger, model P90, .45 caliber handgun with a serial number of 660834. When it was recovered, it was unloaded, with no round in the chamber and no magazine in the magazine well. The third was determined to be a Kel-Tec, model P-11, 9 millimeter handgun with a serial number of 117704. When it was recovered, it was unloaded, with

no round in the chamber and no magazine in the magazine well. There were also three additional magazines loaded with ammunition recovered in the same bag as the Ruger and Kel-Tec firearms. The first was silver in color with seven (7) .45 caliber rounds in an unknown capacity magazine. The second and third were both black in color, each containing ten (10) 9 millimeter rounds in a ten (10) round capacity magazine. There are no firearm or ammunition manufacturers in the District of Columbia. Therefore, the firearm in this case would have traveled in interstate commerce.

A criminal history check of Subject Deangelo Foster through the National Crime Information Center (NCIC) confirmed that the defendant has a prior felony conviction for Attempt Burglary One in the Superior Court for the District of Columbia, case number 2017 CF3 18247. The defendant was sentenced to twenty-four (24) months of incarceration for this conviction. The defendant is still on supervision for this case. . This conviction in the Superior Court for the District of Columbia was under the Youth Rehabilitation Act; however, it was not successfully completed and Subject Deangelo Foster did not receive the benefits of the Youth Rehabilitation Act for this conviction. Therefore, the defendant was aware at the time of his arrest in this case that he had a prior conviction for a crime punishable by more than one year.

Subject Deangelo Foster is at liberty in the community, but on supervision by the Court Services and Offender Supervision Agency (CSOSA) of Washington, D.C. Your affiant will work with his CSOSA Agent to execute this buccal warrant and retrieve a swab at a meeting.

The defendant's arrest occurred during the COVID-19 health emergency. This emergency resulted in significant changes to the day-to-day operations of the Central Cell Block, the D.C. Jail, the United States Marshal's Service, the U.S. District Court, and the U.S. Attorney's Office. Due to these changes as well as heightened concerns for the well-being of law enforcement officers, arrestees, and employees of the Department of Forensic Sciences, a buccal swab warrant was not obtained and a buccal swab was not taken at the time of the defendant's arrest. Your affiant is completing the follow up investigation on this case.

As is noted above, in the context of investigating this crime, officers recovered three separate firearms: a Glock, model 17, 9 millimeter handgun with a serial number of BGR651; a Ruger, model P90, .45 caliber handgun with a serial number of 660834; a Kel-Tec, model P-11, 9 millimeter handgun with a serial number of 117704. Additionally, three separate magazines were recovered: a silver in color magazine loaded with seven (7) .45 caliber rounds; two black in color ten (10) round capacity magazines, each containing ten (10) 9 millimeter rounds. Based upon your Affiant's training and experience in the recovery of firearms in similar circumstances, these firearms and magazines likely contain DNA. In my experience, some DNA is often left on and recovered from evidence of this kind.

Based upon the facts of the case, there an evidentiary nexus between the recovered firearms and/or magazines and the individual whose DNA is sought. The Glock 17 was recovered from the bedroom closet that officers observed Defendant Benson from exiting. The Ruger firearm, the Kel-Tec firearm, and the three magazines were recovered from a green cosmetic bag inside of a closet in a bedroom of the apartment. A DC identification card was found in Defendant William Foster's name in a bag, hanging on the closet door that the firearms and magazines were recovered in. The

3

leaseholder, Defendant William Foster and Subject Deangelo Foster's mother, stated Defendant William Foster stayed in the bedroom where the two firearms and magazines were recovered. Additionally recovered from this bedroom was mail matter in the name of Subject Deangelo Foster. These firearms and magazines will be swabbed for potential DNA, consistent with the policies of the Metropolitan Police Department and the D.C. Department of Forensic Sciences ("DFS").  These firearms and magazines are awaiting testing at the DFS laboratory, the Federal Bureau of Investigation Forensics Laboratory or other accredited forensic laboratory.  The government now seeks to obtain a saliva sample from the defendant to compare the defendant's DNA to the DNA found on the firearms and/or magazines.  A match between the defendant's DNA and the DNA on the firearms and/or magazines would make a fact of consequence in this case – the defendant's unlawful possession of the firearm(s) and/or magazine(s) – more or less probable.

**PROBABLE CAUSE:**

There is probable cause to search the defendant for a saliva sample containing his DNA because there is a fair probability that his DNA is evidence of a crime.  The firearms and magazines recovered likely contain DNA.  The firearms and magazines will be swabbed for DNA, and the government plans to test the evidence for DNA upon receipt of the defendant's DNA.  A match between the defendant's DNA and DNA on the firearm(s) and/or magazine(s) would make it more or less probable that defendant committed the crime of unlawful possession of the firearm(s) or magazine(s).

There is probable cause to search the defendant for his saliva sample as it is evidence of the crime of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1).  Therefore, I respectfully request that a search warrant be issued permitting members of the Metropolitan Police Department, members of the Federal Bureau of Investigation and/or the D.C. Department of Forensic Sciences to take a buccal swab from Subject Deangelo M. Foster.

Date: December 30, 2020    Officer Scott Possinger, Badge #3790
                            Metropolitan Police Department

*Subscribed and sworn pursuant to Fed. R. Crim. P. 4.1 and 41(d)(3) on December 30, 2020.*

ZIA M. FARUQUI
MAGISTRATE JUDGE
FOR THE DISTRICT OF COLUMBIA